# STEPHEN D. HANS & ASSOCIATES, P.C.
### LABOR & EMPLOYMENT COUNSEL FOR OVER 40 YEARS

30-30 Northern Blvd, Suite 401
Long Island City, NY 11101

**T:** 718.275.6700 • **F:** 718.275.6704

**NILS C. SHILLITO**
**ASSOCIATE**
Tel: 718.275.6700
nshillito@hansassociates.com

April 26, 2021

*VIA ECF*

Hon. Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn, NY 11201

      **Re:** **Klimovitsky v. JG Innovative Industries, Inc., et al.**
            **Case No. 21-CV-755 (MKB)(RER)**

Dear Judge Brodie:

      This firm represents the defendants in the above-referenced action. Pursuant to Rule 3(A)(i) of Your Honor's Individual Practices and Rules, I write to request a pre-motion conference and/or leave to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) seeking to dismiss the Fifth, Sixth, and Seventh causes of action set forth in the plaintiff's complaint for failure to state a claim upon which relief can be granted, and seeking to dismiss the Eighth through Thirteenth causes of action for lack of subject-matter jurisdiction.

      Plaintiff commenced this action on February 11, 2021 by filing the complaint, which alleges wage and hour claims in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as claims of workplace discrimination, harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the NYS Human Rights Law ("NYSHRL"), and the NYC Human Rights Law ("NYCHRL"). Defendants now seek to dismiss the plaintiff's Title VII claims (causes of action Five, Six and Seven) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, as the corporate defendant, J.G. Innovative Industries Inc. ("JGII"), does not qualify as an "employer" pursuant to Title VII. Should the Court dismiss the plaintiff's Title VII claims, defendants also seek the dismissal of plaintiff's NYSHRL and NYCHRL claims (causes of action Eight through Thirteen) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, as this Court would lack supplemental jurisdiction over such state and municipal law claims.

      Title VII defines an "employer" for purposes of the act's coverage as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …" 42 U.S.C. §

2000e(b).  It is well-settled that an employer does not come within the coverage of Title VII unless this fifteen-employee requirement has been met, and that this employee numerosity requirement goes to the merits of a plaintiff's Title VII claim. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

Here, plaintiff's complaint wholly fails to allege that JGII employed 15 or more employees during the relevant time period, nor does the complaint even make the bare allegation that JGII constitutes an "employer" for purposes of Title VII coverage.  *See Plaintiff's Complaint*, Dkt. No. 1.  Where a plaintiff fails to allege that Title VII's employee numerosity requirement is met, such plaintiff has failed to properly plead sufficient facts to state a facially plausible claim to relief under Title VII. *See Eyeghe v. Thierry*, 2014 U.S. Dist. LEXIS 147071 at *2-3, 2014 WL 5242605, Case No. 14-CV-1914 (Furman, J.) (S.D.N.Y. October 15, 2014).  Because plaintiff has wholly failed to state a claim upon which relief can be granted pursuant to Title VII, the complaint's fifth, sixth, and seventh causes of action – each asserting claims pursuant to Title VII – should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The complaint's Title VII pleading deficiencies also could not be cured by an amended pleading, as plaintiff cannot possibly establish Title VII coverage for JGII under any circumstances.  JGII is a very small business which currently has only five (5) total employees, including both full-time and part-time workers.  Moreover, at no time during 2021 or 2020 did JGII ever have anywhere near 15 employees, a fact which can easily be proven with payroll records and defendants' testimony.  Plaintiff is presumably well aware that JGII does not have anywhere near 15 employees, which likely explains why plaintiff did not plead that it did.  In the event that the Court deems it appropriate to convert the defendants' anticipated motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), the defendants would be prepared to support such a motion with incontrovertible documents and affidavits proving that they did not even begin to approach Title VII's employee numerosity coverage threshold during the relevant time period.

In the event that the Court sees fit to dismiss the plaintiff's Title VII claims, the plaintiff's state and municipal law claims pursuant to the NYSHRL and NYCHRL must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  As these are not federal claims, the Court can only have supplemental jurisdiction over such claims so long as the causes of action arise from the same case or controversy as the federal claims over which the Court has original jurisdiction. See 28 U.S.C. § 1367(a). The "same case or controversy" requirement for supplemental jurisdiction is satisfied when the two disputes "derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006).  To determine whether two disputes arise from a "common nucleus of operative fact," courts ask whether "the facts underlying the federal and state claims substantially overlapped … [or] the federal claim necessarily brought the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000).  Supplemental jurisdiction is lacking "when the federal and state claims rest[] on essentially unrelated facts." *Id*.

The Honorable Margo K. Brodie<br>
April 26, 2021<br>
Page 3

If the plaintiff's Title VII claims are dismissed, the only remaining federal claims over which this Court will have original jurisdiction would be the plaintiff's FLSA claims. There is no question that the factual basis underlying the plaintiff's FLSA claims differs markedly from the factual basis underlying her workplace discrimination/harassment claims. The only commonality between the two sets of claims is that they both allegedly arose in the context of the plaintiff's employment by JGII. "[S]everal courts addressing similar situations have held that the employment relationship itself is insufficient to create a "common nucleus of operative fact" between the FLSA claim and a state-law, non-wage claim." *Morales v. MW Bronx, Inc.*, 2016 U.S. Dist. LEXIS 100422 at *36-37, Case No. 15-CV-6296 (Griesa, J.) (S.D.N.Y. August 1, 2016) (collecting cases). Just like the plaintiff in *Morales,* plaintiff's sexual harassment claims here involve "'different rights, different interests, and different underlying facts' than her wage-related claims, and supplemental jurisdiction is therefore lacking." *Id*. (*citing Hernandez v. Mauzone Home Kosher Prods. Of Queens, Inc.*, 2013 U.S. Dist. LEXIS 141354, 2013 WL 5460196, at *6, Case No. 12-CV-2327 (E.D.N.Y. September 30, 2013).

In light of the above, I respectfully request that the Court schedule a pre-motion conference with respect to defendants' anticipated motion to dismiss the Fifth through Thirteenth causes of action in the plaintiff's complaint, or in the alternative, permit defendants to file such motion and set a briefing schedule for doing so.

Respectfully Submitted,

/s/Nils C. Shillito

Nils C. Shillito (NS-6755)

cc: Shalom Law, PLLC (via ecf)