

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@ShalomlawNY.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

April 27, 2021

**<u>VIA ECF</u>**
United States District Court
Eastern District of New York
<u>Attn</u>: Margo K. Brodie, Chief U.S.D.J.
225 Cadman Plaza East
Courtroom 6F North
Brooklyn, NY 11201-1804

      *Re:*    Klimovitsky v. JG Innovative Industries, Inc., *et al.*
              Case No.: 1:21-cv-755 (MKB) (RER)
              Plaintiff's Opposition to Defendants' Letter Motion for a Pre-Motion Conference

Dear Judge Brodie:

      This office represents the Plaintiff Inessa Klimovitsky (hereinafter "Plaintiff") in the above-referenced case. Defendants write to respectfully oppose Defendants' letter motion for a pre-motion conference in anticipation of their motion to dismiss the Plaintiff's discrimination, retaliation, and hostile work environment claims under federal, state, and local law for failure to state a claim upon which relief can be granted.

      Defendants assert that they only employ five (5) individuals currently and did not have fifteen or more employees such that Plaintiff cannot state a claim under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"). "[A] Title VII defendant wishing to defeat a plaintiff's claim on the ground that it lacks fifteen employees is normally entitled to seek dismissal if the complaint shows on its face that the element of statutory coverage is lacking." See <u>Watkins v Commercial Fin. Ass'n</u>, No. 13-CIV.-7475 (RA), 2014 WL 5017828, at *3 (S.D.N.Y. Sept. 29, 2014) (<u>citing</u> <u>Da Silva v. Kinsho Int'l Corp.</u>, 229 F.3d 358, 365-66 (2d Cir.2000)). Indeed, the Second Circuit's decision in Da Silva is controlling, and this Court may only dismiss the claim against the Church of the Advent on this ground if the complaint fails to show on its face that it is an employer under Title VII. See <u>Krasner v Episcopal Diocese of Long Is.</u>, 374 F. Supp. 2d 306, 309 (E.D.N.Y. 2005) (<u>citing</u> <u>Da Silva</u>, 229 F.3d at 366).

      Crucially here, a complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove *no set of facts* in support of the claim which would entitle her to relief. See <u>Jacobs v. Ramirez</u>, 400 F.3d 105, 106 (2d Cir. 2005).

Here, as aptly noted by the Defendants, the complaint does not show on its face that the element of statutory coverage is lacking. The complaint does not allege one way or another whether the fifteen (15) employee requirement is met under Title VII. As such, just like Judge Spatt did in Krasner – where the complaint only alleged that a defendant named Diocese was an employer under the statute and provided the plaintiff there with pay, benefits and a pension without stating the number of employees – this Court should similarly deny Defendants' anticipated motion. Indeed, it does not appear *beyond a doubt* that the Plaintiff can prove no set of facts in support of her claim.

Going to the merits, then, the Supreme Court has instructed that – in determining whether an individual is an "employee" for Title VII purposes – "the ultimate touchstone under 42 U.S.C. § 2000e(b) is whether an employer has employment relationships with fifteen (15) or more individuals for each working day in twenty or more weeks during the year in question." See Walters v. Metro. Educ. Enter., Inc., 519 U.S. 202, 211-12 (1997). Thus, courts have concluded that an employment relationship should be "determined primarily by looking to those individuals on the employer's payroll, commonly referred to as the 'payroll method.'" See DeWitt v. Lieberman, 48 F. Supp. 2d 280, 292 (S.D.N.Y.1999) (citing Walters, 519 U.S. at 209-10).

Defendants operate a closely held corporation and perform services in electronics wherein they provide "comprehensive outsourcing engineering and logistical services to the electronics OEMs (Original Equipment Manufacturers) and electronic assembly houses." Upon information and belief, Defendants misclassified individuals it employs as independent contractors who should have been classified as employees. Further, upon information and belief, Defendants are affiliated with another company which has additional employees that must be included in the total count of Defendants' employees as noted in Defendants' very own video.[1] Plaintiff is therefore prepared to amend her complaint to allege the foregoing facts, upon information and belief, as well as add Defendants' affiliate company as a defendant, and therefore respectfully submits that the Title VII numerosity requirement is met, absent a showing by Defendants of all payroll records for the corporate defendant herein as well as the putative affiliate defendant.

Based on the foregoing, Plaintiff respectfully requests leave to amend the complaint. Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
April 27, 2021                                                  Respectfully submitted,

**SHALOM LAW, PLLC**

/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375
Jonathan@ShalomLawNY.com
(718) 971-9474 (office)

---

[1] https://www.youtube.com/watch?v=Z47hnXjunyM&feature=emb_imp_woyt



**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@ShalomlawNY.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

*Attorneys for Plaintiff*