UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INESSA KLIMOVITSKY,　　　　　　　　　　　　　Case No. 21-CV-755 (MKB)(RER)

　　　　　　　　　　　Plaintiff,

　　-against-　　　　　　　　　　　　　　　　　　**MEMORANDUM OF LAW**

JG INNOVATIVE INDUSTRIES, INC., *and all
of its parent corporations, subsidiaries, affiliates,
divisions, successors and assigns,*
JOSEPH GOTTLIEB, *Individually*,
ANAT GEULA, *Individually*, and
DOV MEDINA, *Individually*,

　　　　　　　　　　　Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**STEPHEN D. HANS & ASSOCIATES, P.C.**
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
*Attorneys for the Defendants*

## INTRODUCTION

The plaintiff Inessa Klimovitsky ("Plaintiff") commenced this action against her former employer, defendant J.G. Innovative Industries Inc. ("JGII") and the three individual defendants (collectively with JGII, the "Defendants") asserting claims for alleged wage and hour violations of the Fair Labor Standards Act and New York Labor Law, as well as claims for alleged discrimination/harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Defendants now seek the dismissal of the Plaintiff's Title VII claims pursuant to Fed. R. Civ. P. 12(b)(6), and if such relief is granted, dismissal of the Plaintiff's NYSHRL and NYCHRL claims pursuant to Fed. R. Civ. P. 12(b)(1).

## STATEMENT OF RELEVANT FACTS

The Plaintiff is a former employee of JGII. JGII is a small business with four (4) current employees. Over the course of the 2020 calendar year, JGII employed a total of nine (9) employees, including the Plaintiff, although never all of them simultaneously. See ¶ 3 of the accompanying Declaration of Anat Geula, dated June 7, 2021 (the "Geula Decl."). The Plaintiff commenced this action on February 11, 2021 by filing a complaint (the "Complaint") (Document #1, a copy of which is annexed hereto as Exhibit A) asserting wage and hour claims pursuant to the FLSA and NYLL, as well as separate claims for discrimination/harassment and retaliation pursuant to Title VII, the NYSHRL, and the NYCHRL.

On April 26, 2021, Defendants filed a pre-motion letter (Document #9, a copy of which is annexed hereto as Exhibit B) pursuant to the Court's rules requesting permission to file a motion to dismiss the Plaintiff's Title VII claims (the Fifth, Sixth, and Seventh causes of action in the Complaint) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, because the Plaintiff did not allege in the Complaint that JGII was the Plaintiff's

"employer" as that term is defined in Title VII.  Plaintiff filed a response letter on April 27, 2021 (Document #10, a copy of which is annexed hereto as Exhibit C) which did not dispute that the Complaint failed to allege that JGII was the Plaintiff's "employer" pursuant to Title VII, but which instead sought permission to file an amended complaint to add additional allegations.  By Order dated April 30, 2021, the Court gave the Plaintiff permission to file an amended complaint and the Defendants permission to subsequently file their motion to dismiss, if warranted.

On May 24, 2021, the Plaintiff filed an amended complaint (the "Amended Complaint") (Document #12, a copy of which is annexed hereto as Exhibit D).  The Amended Complaint, which did not seek to summon any additional parties, is nearly identical in substance to the original Complaint, except for the addition of the following four paragraphs:

> 11. Upon information and belief, Defendant JG has parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York, including an affiliate company in Israel.
>
> 12. Further, upon information and belief, Defendant JG and its parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside the State of New York (citing https://www.youtube.com/watch?v=Z47hnXjunyM&feature=emb_imp_woyt), including an affiliate company in Israel, misclassified certain individuals as independent contractors when they were, in fact, employees.
>
> 13. Upon information and belief, together with JG's employees and those of its parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York, including an affiliate company in Israel, as well as those individuals Defendant JG and its related companies have misclassified, Defendant JG has employed fifteen (15) or more individuals for each working day in twenty or more weeks during the year 2020.
>
> 14. As such, Defendant JG is an employer under Title VII.

See Exhibit D, Page 3, ¶¶ 11-14.

2

Because Defendants believe that these allegations set forth in the Amended Complaint still fail to adequately state a claim pursuant to Title VII upon which relief can be granted, Defendants now seek the dismissal of the Plaintiff's Title VII claims pursuant to Fed. R. Civ. P. 12(b)(6), and if such dismissal is granted, dismissal of the Plaintiff's NYSHRL and NYCHRL claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of supplemental jurisdiction.

## ARGUMENT

### I. The Allegations in the Amended Complaint Fail to State a Claim Upon Which Relief Can Be Granted With Respect to Plaintiff's Title VII Claims.

As this Court has previously stated in *Pietri v. N.Y.S. Office of Court Admin.*, 936 F. Supp. 2d 120 (E.D.N.Y. 2013):

> In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal,* 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

936 F. Supp. 2d at 126-127. Under this well-established pleading standard set forth in *Iqbal* and *Twombly*, the Plaintiff here has failed to adequately allege that JGII is an "employer" for purposes of Title VII coverage, and thus Plaintiff's Title VII claims should be dismissed.

3

### A. The Amended Complaint Does Not Adequately Allege that JGII Constitutes the Plaintiff's "Employer" Pursuant to Title VII

Title VII's workplace anti-discrimination, harassment, and retaliation provisions apply only to employers with fifteen (15) or more employees. See 42 U.S.C. § 2000e(b) (Defining an "employer" for purposes of the statute's coverage as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person …"). It is well-settled that this employee numerosity requirement goes to the merits of a prospective plaintiff's Title VII claim. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). In the absence of sufficient factual allegations in a complaint regarding Title VII's employee numerosity requirement, courts have dismissed Title VII claims pursuant to Fed. R. Civ. P. 12(b)(6). *See Eyeghe v. Thierry*, Case No. 14-CV-1914, 2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 (Furman, J.) (S.D.N.Y. October 14, 2014); *see also Quitoriano v. Raff & Becker, LLP*, 675 F. Supp. 2d 444, 453 (S.D.N.Y. 2009).

As discussed above, Plaintiff does not dispute that the original Complaint in this action did not allege that JGII was an "employer" pursuant to Title VII, nor that such Complaint set forth no allegations regarding Title VII's employee numerosity requirement (see Exhibit C). After being provided an opportunity to amend the Complaint to include sufficient allegations regarding this necessary element of Plaintiff's Title VII claims, Plaintiff responded by adding only the four paragraphs cited above on Page 2 to the Amended Complaint (see Exhibit D, Page 3, ¶¶ 11-14). But such allegations amount to little more than bare bones conclusory statements with little to no factual support whatsoever. As such, these additional allegations are insufficient to satisfy the Plaintiff's pleading requirements under the standard set forth in *Iqbal* and *Twombly*.

The Plaintiff's Amended Complaint (Exhibit D) and pre-motion response letter (Exhibit C) make clear that the Plaintiff does not dispute that JGII's payroll records show that JGII does *not* have the requisite employees necessary to establish coverage under Title VII. Nor could the Plaintiff plausibly dispute this clear fact.[1] See Geula Decl., ¶ 3. Instead, Plaintiff essentially attempts an end-run around this obstacle by making two wholly conclusory assertions.

First, the Plaintiff asserts that JGII has "upon information and belief … misclassified certain individuals as independent contractors." See Exhibit D, Page 3, ¶ 12. However, Plaintiff does not provide any factual support whatsoever for this conclusory statement. For instance, nowhere does the Amended Complaint allege the names or identities of any such individuals, the capacities or locations from which they allegedly rendered services to JGII, nor even the number of such individuals or any information whatsoever regarding how Plaintiff is aware of their alleged existence and purported misclassification. With no factual support whatsoever, such a conclusory allegation amounts to no more than a naked attempt to avoid dismissal of the Plaintiff's Title VII claims, and certainly cannot be said to meet the pleading standard set forth in *Iqbal* and *Twombly*. As this Court recently stated in *Pottash v. Hello Living, LLC*, "[a] complaint cannot go forward based on unsupported allegations, coupled with the hope that something will turn up in discovery." Case No. 19-CV-4530, 2021 U.S. Dist. LEXIS 21458, 2021 WL 3753415, at *16-17 (Bulsara, J.) (E.D.N.Y. February 2, 2021); *citing Barata v. Nudelman, Klemm & Golub, P.C.*, Case No. 13-CV-4274, 2015 U.S. Dist. LEXIS 20280, 2015 WL 733628, at *4 (McNulty, J.) (D.N.J. February 19, 2015).

---

1 The Court has the power to convert this motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), based upon the clear evidence presented by JGII that it falls well under the 15-employee threshold required to give rise to Title VII coverage.

5

Second, the Plaintiff asserts that JGII has "upon information and belief … parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside the State of New York, including an affiliate company in Israel." See Exhibit D, Page 3, ¶ 11. Plaintiff then in wholly conclusory fashion – and providing no further factual or legal support whatsoever – asserts that the employees of JGII should be combined with those alleged employees of such other unnamed, unspecified entities to meet Title VII's 15-employee threshold. See Exhibit D, Page 3, ¶ 13. Admittedly, some courts in the Second Circuit have allowed for the aggregation of employees of separate corporate entities, in certain very limited circumstances, in order to satisfy Title VII's employee numerosity requirement. *See Arculeo v. On-Site Sales & Marketing, L.L.C.*, 425 F.3d 193 (2d Cir. 2005)(discussing the very specific an limited grounds on which employee aggregation has been permitted in the context of single employer and joint employer theories of liability). However, the plaintiffs in such cases have asserted joint and/or single employer liability theories against multiple entities and articulated such legal theories accordingly.

Here, Plaintiff's Amended Complaint is completely devoid of any allegations whatsoever which would be sufficient to state a Title VII claim against multiple, allegedly-related entities pursuant to either of these doctrines. As discussed above, Plaintiff has simply nakedly asserted that JGII has unspecified "parent corporations, subsidiaries, affiliates, divisions, successors and assigns" and that, as a result, aggregation of unspecified employees to meet Title VII's numerosity threshold is warranted. This is woefully insufficient. In *Pottash*, the court found the plaintiff's "bare-bones allegations are insufficient – even at the pleading stage – to infer that [various entities] should be treated as a single employer." 2021 U.S. Dist. LEXIS 21458, at *10. The court then analyzed the plaintiff's allegations regarding alleged single employer and joint employer liability – which were *substantially* more detailed than the Plaintiff's herein – and still found them wanting

6

under the *Iqbal* standard. The *Pottash* court went on to state that:

> "Merely reciting the elements of the single employer doctrine and stating that several entities are headquartered at the same address and that Pottash, at times, discussed and provided work for the new Defendants is not enough from which to infer that these new Defendants and Hello Living should be treated as single employers. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *McHenry v. Fox News Network, LLC*, No. 19-CV-11294, 2020 U.S. Dist. LEXIS 238582, 2020 WL 7480622, at *19 (S.D.N.Y. Dec. 18, 2020) ("Often, whether a parent entity exercises sufficient control over a subsidiary such that the two are a single entity is 'a question of fact not suitable to resolution on a motion to dismiss.' But a plaintiff must 'do more than simply state legal conclusions and recite the elements of the single employer standard to survive a motion to dismiss.' . . . '[C]onclusory, *ipse dixit* assertions' about the degree of control the parent exercised over the subsidiary do not satisfy the pleading standards as articulated in Twombly and Iqbal." (second alteration in original) (first quoting *Brown*, 756 F.3d at 226, then quoting *Fried v. LVI Servs., Inc.*, No. 10-CV-9308, 2011 U.S. Dist. LEXIS 57639, 2011 WL 2119748, at *5 (S.D.N.Y. May 23, 2011))). Given the sheer number of Defendants to be added—18—with no specifics about any of them, it appears that they were all grouped together based on speculation about their relationship to Hello Living as opposed to actual investigation and knowledge of facts. See *Dillard v. Morris Cnty. Prosecutor's Off.*, No. 19-CV-19089, 2020 U.S. Dist. LEXIS 152617, 2020 WL 4932527, at *3 (D.N.J. Aug. 24, 2020) (dismissing discrimination claims against individual defendants for "impermissible group pleading"). Pottash failed to make any allegations about any of the elements of the single employer test. There are no specific, non-conclusory facts alleged from which to infer that the new Defendants and Hello Living had interrelated operations, common management, common ownership, or centralized control of labor relations. Even the conclusory allegations are based upon information and belief."

2021 U.S. Dist. LEXIS 21458, at *11-13.

Tellingly, Plaintiff here has alleged far less than the plaintiff in *Pottash*. The Amended Complaint neither adds additional corporate parties against which Plaintiff seeks to assert liability,[2]

---

[2] The Plaintiff's failure to join such various other alleged entities also arguably constitutes a failure to join a necessary party pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19, since an attempted aggregation of the employees of such alleged entities in order to meet Title VII's employee numerosity threshold would require the assertion of joint employer and/or single employer liability against each one of them.

7

nor even begins to articulate the beginnings of a viable legal theory of recovery against any such entities. Moreover, where the plaintiff in Pottash "merely recited the elements of the single employer doctrine," and made "conclusory, *ipse dixit* assertions about the degree of control" that the alleged parent entity exercised over the subsidiary, here Plaintiff has failed to do even that. Instead, the Plaintiff has simply asserted – upon information and belief – that JGII has unspecified "parent corporations, subsidiaries, affiliates, divisions, successors and assigns," and that, as a result, aggregation of unspecified employees to meet Title VII's numerosity threshold is warranted. Under the pleading standard articulated in *Iqbal* and *Twombly*, it clearly is not, and Plaintiff's Title VII claims should accordingly be dismissed.

### B. The Amended Complaint Makes Clear That Plaintiff Has Failed to Exhaust Her Administrative Remedies

In order to bring a Title VII claim, a plaintiff must first satisfy three administrative prerequisites: (1) file a timely charge with the United Stated Equal Employment Opportunity Commission ("EEOC"); (2) receive an EEOC right-to-sue letter; and (3) file an action within 90 days of receipt of that letter. *Crisci-Balestra v. Civil Serv. Employees Ass'n.*, Case No. 07-CV-1684, 2008 U.S. Dist. LEXIS 10870, 2008 WL 413812, at *8 (Bianco, J.) (E.D.N.Y. February 13, 2008) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996). Where it appears from a complaint that a plaintiff has not satisfied these administrative prerequisites by receiving an EEOC right-to-sue letter prior to filing suit, dismissal of Title VII claims is warranted. *See Crisci-Balestra*, 2008 U.S. Dist. LEXIS 10870, 2008 WL 413812 (dismissing Title VII claims where "based on the complaint and its exhibits, the Court concludes that plaintiff has not demonstrated that she received a right-to-sue letter from the EEOC."); *see also Winkfield v. Parkchester South Condominium Inc.,* Case No. 11-CV-983, 2013 U.S. Dist. LEXIS 81940, 2013

WL 2626788, at *5-7 (Abrams, J.) (S.D.N.Y. June 11, 2013).

Here, Plaintiff admits in the Amended Complaint that she has not yet received an EEOC right-to-sue letter. See Exhibit D, Page 2, ¶ 4. As such, it is clear from the allegations in the Amended Complaint that Plaintiff has to date failed to exhaust her administrative as required by Title VII. Thus, pursuant to the above-cited case law, Plaintiff's Title VII claims should be dismissed.

    II.  **<u>Should the Court Dismiss Plaintiff's Title VII Claims, Plaintiff's NYSHRL and NYCHRL Claims Must Also Be Dismissed Due to Lack of Subject Matter Jurisdiction.</u>**

In the event that the Court sees fit to dismiss the Plaintiff's Title VII claims, the Plaintiff's state and municipal law claims pursuant to the NYSHRL and NYCHRL must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. As these are not federal claims, the Court can only have supplemental jurisdiction over such claims so long as the causes of action arise from the same case or controversy as the federal claims over which the Court has original jurisdiction. See 28 U.S.C. § 1367(a). The "same case or controversy" requirement for supplemental jurisdiction is satisfied when the two disputes "derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). To determine whether two disputes arise from a "common nucleus of operative fact," courts ask whether "the facts underlying the federal and state claims substantially overlapped … [or] the federal claim necessarily brought the facts underlying the state claim before the court." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000). Supplemental jurisdiction is lacking "when the federal and state claims rest[] on essentially unrelated facts." *Id*.

9

If the Plaintiff's Title VII claims are dismissed, the only remaining federal claims over which this Court will have original jurisdiction would be the Plaintiff's Fair Labor Standards Act claims. There is no question that the factual basis underlying the Plaintiff's Fair Labor Standards Act claims differs markedly from the factual basis underlying her workplace discrimination/harassment claims.  The only commonality between the two sets of claims is that they both allegedly arose in the context of the Plaintiff's employment by JGII.  "[S]everal courts addressing similar situations have held that the employment relationship itself is insufficient to create a "common nucleus of operative fact" between a Fair Labor Standards Act claim and a state-law, non-wage claim." *Morales v. MW Bronx, Inc.*, 2016 U.S. Dist. LEXIS 100422 at \*36-37, Case No. 15-CV-6296 (Griesa, J.) (S.D.N.Y. August 1, 2016) (collecting cases). Just like the plaintiff in *Morales,* Plaintiff's sexual harassment/retaliation claims here involve "'different rights, different interests, and different underlying facts' than her wage-related claims, and supplemental jurisdiction is therefore lacking." *Id*. (*citing Hernandez v. Mauzone Home Kosher Prods. Of Queens, Inc.*, 2013 U.S. Dist. LEXIS 141354, 2013 WL 5460196, at \*6, Case No. 12-CV-2327 (E.D.N.Y. September 30, 2013).

## **CONCLUSION**

For all of the foregoing reasons, the Court should dismiss the Amended Complaint's Fifth, Sixth, and Seventh causes of action under Title VII, asserted against JGII, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies.  Additionally, should the Court dismiss the Plaintiff's Title VII claims, then the Eighth through Thirteenth causes of action in the Amended Complaint, asserting claims pursuant to the NYSHRL and NYCHRL, should also be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) for lack of subject matter jurisdiction.

Dated: Long Island City, New York
June 7, 2021

                                              Respectfully submitted,

                                              STEPHEN D. HANS & ASSOCIATES, P.C.

                                          By:  /s/Nils C. Shillito
                                                Nils C. Shillito (NS-6755)
                                                30-30 Northern Boulevard, Suite 401
                                                Long Island City, New York 11101
                                                Tel: 718.275.6700
                                                *Attorneys for the Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 7, 2021, I caused a true and correct copy of the foregoing Memorandum of Law, with exhibit(s) thereto, to be served upon counsel for the Plaintiff via electronic mail to:

Jonathan Shalom, Esq.
SHALOM LAW, PLLC
Email: jonathan@shalomlawny.com
*Attorneys for the Plaintiff*

                                          **/s/Nils C,. Shillito**
                                          Nils C. Shillito (NS-6755)