UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
INESSA KLIMOVITSKY,

                                 Plaintiff,

      -against-

JG INNOVATIVE INDUSTRIES, INC., *and all of its parent corporations, subsidiaries, affiliates, divisions, successors and assigns*, JOSEPH GOTTLIEB, *individually*; ANAT GEULA, *individually*, and DOV MEDINA, *individually*,

                                 Defendants.
------------------------------------------------------------------X

**Case No.:** 1:21-cv-755 (MKB) (RER)

# PLAINTIFF'S MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**SHALOM LAW, PLLC**

Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

## Contents

**PRELIMINARY STATEMENT** ..................................................................................................1

**LEGAL STANDARD** ..................................................................................................................2

**RELEVANT FACTS** ...................................................................................................................4

**ARGUMENTS**..............................................................................................................................5

**I.    PLAINTIFF'S TITLE VII CLAIMS STATE A CLAIM FOR RELIEF** ......................5

**II.   DEFENDANTS' EVIDENCE CANNOT BE CONSIDERED AND FAILS ANYWAY** ...........................................................................................................8

**III.  PLAINTIFF HAS NOT FAILED TO EXHAUST ADMINISTRATIVE REMEDIES** ........................................................................................................10

**IV.   PLAINTIFF'S STATE & LOCAL LAW DISCRIMINATION CLAIMS SURVIVE**...........................................................................................................10

**CONCLUSION** ..........................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

Arculeo v. On–Site Sales & Mktg., L.L.C., 425 F.3d 193, 198 (2d Cir.2005) ............................. 7

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........................................................................................ 3

Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2nd Cir.1993) ................................................ 3

California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972) ........................ 2

Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) ............................................................. 2

Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240-41 (2d Cir.1995)) .............................. 7

Eyeghe v. Thierry, No. 14-CIV.-1914 (JMF), 2014 WL 5242605, at *1 (S.D.N.Y. Oct. 15,
    2014).. ...................................................................................................................................... 8

Fonte v. Board of Managers of Continental Towers Condominium, 848 F.2d 24, 25 (2d Cir.
    1988) .................................................................................................................................... 3, 4

Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000) ................................................ 3, 4

Hayes v. Coughlin, No. 87 Civ. 7401, 1991 WL 220963, at *1 (S.D.N.Y. Oct. 16, 1991) ............ 3

Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) ............................. 2

Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir.1991) ................................................................... 4

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) .................................... 2

Quitoriano v Raff & Becker, LLP, 675 F. Supp. 2d 444, 453 (S.D.N.Y. 2009) ............................ 9

Woodell v. United Way, 357 F.Supp.2d 761, 767 (S.D.N.Y. 2005). ............................................ 7

**Statutes**

28 U.S.C. § 1331 .......................................................................................................................... 9

42 U.S.C. § 2000e(b) .................................................................................................................... 5

42 U.S.C. § 2000e-5(f)(1) ........................................................................................................... 10

501(c) of Title 26 .................................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 2

Fed. R. Civ. P. 12(d) ............................................................................................................ 8

## PRELIMINARY STATEMENT

Defendants JG Innovative Industries, Inc. (hereinafter the "Corporate Defendant" or "JG Innovative"), Joseph Gottlieb (hereinafter "Gottlieb"), Anat Geula (hereinafter "Geula"), and Dov Medina (hereinafter "Medina") (Gottlieb, Guela, and Medina hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") move to dismiss Plaintiff Inessa Klimovitsky's (hereinafter "Plaintiff" or "Klimovitsky") claims under Title VII of the Civil Rights Act of 1964 ("Title VII") despite the fact that Plaintiff's First Amended Complaint (hereinafter the "Complaint" or "FAC") clearly alleges that "[JG Innovative] has employed fifteen (15) or more individuals for each working day in twenty or more weeks during the year 2020"and Defendants otherwise fail to conclusively establish that this is untrue.

The Defendants' motion is destined for doom because: (i) the allegations in the Complaint are not conclusory such that they can be afforded no weight; and (ii) Defendants' submission of a self-serving affidavit with JG Innovative's 2020 W-3 form indicating it only had a total of nine (9) employees cannot be considered under the legal standard for this motion, and – even if it could – is not enough to establish whether JG Innovative is an employer which has *employment relationships* with fifteen (15) or more individuals for each working day in twenty or more weeks during the year in question.

As set forth further below, the Defendants' motion is as much of a mistake as it is an exercise in futility. Accordingly, it must therefore be denied and this case should proceed swiftly through discovery.

1

**LEGAL STANDARD**

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") where it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); accord Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). *The issue is not whether the plaintiff will ultimately prevail*, but whether her claim, as pleaded, *is sufficient to afford her the opportunity to proceed on the evidence*. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) (emphasis added). The court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. See California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In deciding a motion to dismiss under Rule 12(b)(6), the court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." See Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2nd Cir.1993) (citation omitted); see also Hayes v. Coughlin, No. 87 Civ. 7401, 1991 WL 220963, at *1 (S.D.N.Y. Oct. 16, 1991) ("Papers outside a complaint may be incorporated by reference into the complaint when such papers are referred to within the body of the complaint").

2

The Second Circuit held in Friedl v. City of New York, that:

> "[W]hen matters outside the pleadings are presented ***in response to*** a 12(b)(6) motion," a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material." Fonte v. Board of Managers of Continental Towers Condominium, 848 F.2d 24, 25 (2d Cir. 1988). This conversion requirement is strictly enforced whenever there is a "legitimate possibility" that the district court relied on material outside the complaint in ruling on the motion. Amaker v. Weiner, 179 F.3d 48, 50 (2d Cir. 1999). Thus, ***a district court errs when it "consider[s] affidavits and exhibits submitted by" defendants [in their moving papers]***, Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir.1991), or relies on factual allegations contained in legal briefs or memoranda, see Fonte, 848 F.2d at 25, in ruling on a 12(b)(6) motion to dismiss. Vacatur is required even where the court's ruling simply "mak[es] a connection not established by the complaint alone" or contains an "unexplained reference" that "raises the possibility that it improperly relied on matters outside the pleading in granting the defendant's Rule 12(b) motion." Id.

See 210 F.3d 79, 83-84 (2d Cir. 2000).

Indeed, as the Second Circuit held in Kopec, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient" and that Rule 12(b) clearly delineates the appropriate procedure to follow where motions to dismiss are accompanied by evidentiary submissions, namely, the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment under Rule 56 and afford all parties the opportunity to present supporting material. See 922 F.2d 152, 154-155 (2d Cir. 1991).

Here, Defendants *cannot* avail themselves of conversion to summary judgment because it is not the party responding to the Rule 12 motion who is submitting something ***in response*** to that motion.

3

In that regard, Defendants' rush to summary judgment without a full and fair opportunity for discovery as to whether: (i) JG Innovative misclassified employees as independent contractors (for which it presented no evidence); and (ii) JG Innovative's parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York – including its affiliate company in Israel – have employees which must be counted. As such, Defendants' path to early dismissal without said discovery must be met with a shut door.

### RELEVANT FACTS

Plaintiff was hired and employed as an Operations Manager for JG Innovative at Defendants' Kew Gardens location, 8002 Kew Gardens Road, Suite 5002, Kew Gardens, New York, 11415-3610. See FAC ¶ 8. At all relevant times, JG Innovative has been and presently is, a for-profit entity duly incorporated and operating in the State of New York. Id. at 10.

JG Innovative has parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York, including an affiliate company in Israel[1] (collectively hereinafter the "Related Entities"). Id. at 11.

---

[1] The Complaint contains a link to a YouTube video created by JG Innovative, which contents are therefore incorporated by reference in the Complaint. The YouTube video provides: "While serving military and aerospace applications, electronic equipment and systems are often operating under harsh and hostile environmental conditions; extreme temperature range, high dynamic stresses, sand & dust, and humidity. Electronic components are the raw materials and building blocks of electronic equipment and systems. Selecting the right components for a motion involves component engineering as well as logistical considerations. Innovative Industries' engineering and logistic experience results in preventing obsolescence issues along the road, cost reduction of the bill of materials, and improvement of its availability. Once the components of a system are defined, Innovative Industries will procure them from reliable sources while assuring they meet the performance, quality, and reliability requirements. Once the last component has been received and inspected, the materials are arranged and documented as a kit. Kitting is performed in moisture barrier, anti-static bags, with each item labeled with part number identification, quantity, location of the part on the printed circuit board, the assembly onto which the part is assembled, any other relevant information required. Handling and storage is performed under ESD-protected conditions and under controlled temperature and humidity. The kit is then transferred to an electronic assembly line, as requested by the customer on a just-in-time basis. The whole process starting

Further, JG Innovative and the Related Entities misclassified certain individuals as independent contractors when they were, in fact, employees. Id. at 12.

Together with JG Innovative's employees and those of Related Entities, as well as those individuals Defendant JG and its related companies have misclassified, JG Innovative has employed fifteen (15) or more individuals for each working day in twenty or more weeks during the year 2020. Id. at 13.

## ARGUMENTS

### I.     PLAINTIFF'S TITLE VII CLAIMS STATE A CLAIM FOR RELIEF

Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen [(15)] or more employees for each working day in each of twenty or more calendar weeks in the ***current or preceding*** calendar year, and ***any agent of such a person***, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers." See 42 U.S.C. § 2000e(b) (emphasis added).

Here, the Complaint clearly provides that the Corporate Defendant had 15 employees.

---

with pre-procurement, and ending with post-delivery activities, is performed under a strict quality management system. Procurement by Innovative Industries is always directly from the manufacturers or their franchised distributors, assuring authenticity of the parts, and enabling traceability of their pedigree, accompanied by certificate of compliance. Innovative Industries Inc. is involved in FMF contractors of major Israeli defense programs. **Our Israeli-affiliated company, Koleg? Limited** operates since 1981. We enable quick and efficient solutions to all engineering and logistic challenges. Innovative Industries; ship to line, just in time.

The Complaint unambiguously provides that JG Innovative misclassified individuals and is affiliated with at least one (1) Israeli company.

"There is well-established authority … that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." See Arculeo v. On–Site Sales & Mktg., L.L.C., 425 F.3d 193, 198 (2d Cir.2005) (citing Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240-41 (2d Cir.1995)).

Under the "single-employer" doctrine, also known as the "joint employer" theory, "an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." Id.

In assessing whether a joint employer relationship exists, courts generally look for evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. See Cook, 69 F.3d at 1240; see also Woodell v. United Way, 357 F.Supp.2d 761, 767 (S.D.N.Y. 2005).

Here, as alleged in the Complaint (and as incorporated by reference in its YouTube video), the Corporate Defendant has an affiliate company in Israel. There are thus myriad questions of fact concerning the two (2) companies' relationship with each other to determine whether they may be considered a joint or single employer of each other and, as such, whether together they may have enough employees between the two of them to satisfy the fifteen (15) employee threshold.

6

Further, the Complaint alleges that JG Innovative misclassified its employees as independent contractors, and any such individuals should similarly count towards the fifteen (15) employee threshold.

The cases cited by Defendants in support of dismissal for failure to state a claim upon which relief can be granted are inapposite. In Eyeghe v. Thierry, Judge Furman dismissed the Title VII complaint in that case because the plaintiff there failed to allege that the defendant there was an employer within the meaning of Title VII, let alone facts (namely, that it had fifteen or more employees) that would plausibly support such an allegation. See No. 14-CIV.-1914 (JMF), 2014 WL 5242605, at *1 (S.D.N.Y. Oct. 15, 2014).

The Complaint here specifically alleges that JG Innovative has fifteen (15) employees because it misclassified employees as independent contractors *and* because Plaintiff is entitled to aggregate the employees of JG Innovative with the employees of its Israeli-affiliated company identified in the Corporate Defendant's promotional video on YouTube. As such, Eyeghe is inapposite. Id. ("this case does not involve an 'ultimate failure to prove' employer status; it involves a complete failure to allege, *even in conclusory fashion*, that [the defendant] qualifies as an employer for Title VII purposes") (emphasis added). There is no such failure here.

Similarly, in Quitoriano v Raff & Becker, LLP, Judge Chin found that:

> First, the [defendant] does not meet Title VII's threshold requirement that it employ at least fifteen employees … to be subject to liability: beyond its two partners, the [defendant] only has four employees. … *Although these facts do not appear in the complaint*, they *do not appear to be in dispute*, and *plaintiff has not alleged anywhere* that the [defendant] *employs fifteen or more employees*.

See 675 F. Supp. 2d 444, 453 (S.D.N.Y. 2009). Here, too, the Complaint is distinguished from that in Quitoriano. This is because the Complaint specifically alleges that JG Innovative employs fifteen or more employees, and provides facts that give rise to an inference that it does.

7

Defendants' argument that the allegations Plaintiff amended her complaint with are conclusory and are to be offered no weight is meritless. Plaintiff alleges specific facts in the Complaint that are entitled to a presumption of truth: first, that JG Innovative misclassified employees as independent contractors; and second, that JG Innovative is affiliated with an Israeli company such that their employees must be aggregated. These are not conclusory statements, and are supported by direct evidence in the Complaint from the Corporate Defendant's own promotional videos that are publicly available.

Accordingly, because the Complaint sufficiently pleads that JG Innovative had fifteen (15) employees in 2020, the Title VII claim therein must not be dismissed for failure to state a claim upon which relief can be granted.

## II. DEFENDANTS' EVIDENCE CANNOT BE CONSIDERED AND FAILS ANYWAY

JG Innovative seeks to fool this Court by submitting its 2020 W-3 Form, during a period in which nearly every employer engaged in massive layoffs and otherwise was not hiring employees, to convince the Court that the fifteen (15) employee threshold has not been met. The Defendants' argument is meritless.

First, as a procedural matter, based on the legal standard set forth above, this Court may not consider evidence outside of the pleadings on a motion to dismiss for failure to state a claim. Indeed, contrary to Defendants' argument that this Court may convert the instant motion to one for summary judgment pursuant to Rule 12(d), the Court may do so only when the opposing party submits evidence outside of the pleadings under controlling Second Circuit law. As such, Defendants' Form W-3 can be afforded no weight whatsoever.

Second, even if it could, substantively, this evidence alone is inconclusive to establish Defendants' entitlement to dismissal for several reasons.

For one, Title VII provides that an employer is a person engaged in an industry affecting commerce who has fifteen [(15)] or more employees for each working day in each of twenty or more calendar weeks in the ***current or preceding*** calendar year. The "current year" in this case is 2020, when the acts and omissions complained of in the Complaint arose, and the "preceding year" would therefore be 2019. Because Defendants failed to submit their Form W-3 for 2019, they are not entitled to dismissal even if this Court could convert this motion to one for summary judgment.

For another, Title VII defines includes in the fifteen (15) employee count ***any agent*** of an employer. Tellingly, despite the fact that Plaintiff has alleged in the Complaint and stated in its opposition to Defendants' letter motion for a pre-motion conference in anticipation of the instant motion that Defendants have misclassified its employees, Defendants have not offered up their 1099 forms issued for 2019 and 2020 to see what, if any, individuals are listed therein. This selective, pre-discovery shell game by Defendants cannot be countenanced, and full discovery is required to determine the number of employees misclassified as independent contractors in addition to the discovery necessary to determine the number of employees employed by JG Innovative's Israeli affiliate company.[2] This is not "woefully insufficient," as Defendants claim; instead, these facts give rise to the favorable inferences Plaintiff is entitled to at the pleading stage.

It also cannot be left unsaid that dismissal of the Title VII claim would not result in dismissal of the entire complaint, as Plaintiff's claim under the Fair Labor Standards Act ("FLSA") provides an independent basis for subject matter jurisdiction based on a federal question. See 28 U.S.C. § 1331.

---

[2] Plaintiff fully intends to amend the complaint to include the Israeli affiliate as a defendant, upon discovery as to the actual correct legal name of the entity. The YouTube video does not clearly state the name of the entity, and Plaintiff's investigation efforts have been unable to pin down the name. Once discovery elucidates the correct name of the Israeli entity and any other related entities of JG Innovative, Plaintiff will promptly effectuate joinder of all necessary parties under Rule 19.

9

Accordingly, Defendants' motion to dismiss and contrived attempt to jump the gun on summary judgment with insufficient and inconclusive evidence must be denied in its entirety.

### III. PLAINTIFF HAS NOT FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

As set forth above, Plaintiff pursues claims under Title VII *and* the FLSA. The Complaint alleges that a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination in violation of Title VII has been filed by Plaintiff on January 14, 2021, and that Plaintiff awaits a Notice of Right to Sue and agrees to stay her claims under Title VII until the 180-day statutory conciliation period required by 42 U.S.C. § 2000e-5(f)(1) has elapsed. See FAC ¶¶ 3-4.

Had Plaintiff waited to file the complaint in this case until she received a notice of right to sue, the statute of limitations on her FLSA claims would continue to run. As such, because there exists a wholly separate and independent basis for subject matter jurisdiction, Plaintiff properly filed a complaint with both her Title VII and FLSA claims within, with the understanding that the Title VII claims are stayed pending receipt of a notice of right to sue, upon which Plaintiff would amend her complaint.

Indeed, the only other alternative would be to file a completely separate complaint, which would amount to a waste of judicial resources, and which would undoubtedly result in Defendants' calling foul.

### IV. PLAINTIFF'S STATE & LOCAL LAW DISCRIMINATION CLAIMS SURVIVE

Because Plaintiff's Title VII claims should not be dismissed for the reasons set forth above, neither should her claims under the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL").

Even if this Court were to dismiss the Title VII claims (which it should not), Plaintiff should be entitled to amend her complaint to provide her an opportunity to establish that her remaining federal claims under the FLSA have a common nucleus of operative fact with her claims under the NYSHRL and/or the NYCHRL.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss in its entirety.

Dated:   Forest Hills, New York
         June 21, 2021

**SHALOM LAW, PLLC**

By:  */s/    Jonathan Shalom, Esq.*_____
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*