UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

INESSA KLIMOVITSKY,                                    Case No. 21-CV-755 (MKB)(RER)

                                        Plaintiff,

            -against-

                                                       **MEMORANDUM OF**
JG INNOVATIVE INDUSTRIES, INC., *and all*              **LAW IN REPLY**
*of its parent corporations, subsidiaries, affiliates,*
*divisions, successors and assigns,*
JOSEPH GOTTLIEB, *Individually*,
ANAT GEULA, *Individually*, and
DOV MEDINA, *Individually*,

                                        Defendants.
-------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

**STEPHEN D. HANS & ASSOCIATES, P.C.**
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
*Attorneys for the Defendants*

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**.....................................................................................  **1**

**ARGUMENT**.......................................................................................  **1**

**I. Despite Plaintiff's Assertions to the Contrary, the Amended Complaint Clearly
Fails to State a Claim Upon Which Relief Can Be Granted With Respect to
Plaintiff's Title VII Claims, and There is Thus No Supplemental Jurisdiction Over
the Plaintiff's State Law Discrimination Claims**...............................................  **1**

**A. Plaintiff Has Failed to Satisfy the *Iqbal/Twombly* Pleading Standard Regarding
JGII's Status as an "Employer" Under Title VII**..............................................  **1**

**B. Plaintiff's Assertions in Her Opposition Brief Regarding the Alleged
Insufficiency of Defendants' Evidence Presented in Support of this Motion are
Incorrect**.........................................................................................  **4**

**C. Plaintiff Does Not Dispute that She Still Has Not Received the Required Right-to-
Sue Letter from the EEOC, an Administrative Prerequisite to Asserting Title VII
Claims**............................................................................................  **5**

**D. There is No Basis for the Survival of the Plaintiff's NYSHRL and NYCHRL
Claims if her Title VII Claims Are Dismissed**................................................  **6**

**CONCLUSION**...................................................................................  **7**

## **TABLE OF AUTHORITIES**

### **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)…….    1, 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)………………………………………………………………………...    1,2

*Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 223 (S.D.N.Y. 2013)….    3

*Morales v. MW Bronx, Inc.*, 2016 U.S. Dist. LEXIS 100422 at \*36-37, Case No. 15-CV-6296 (Griesa, J.) (S.D.N.Y. August 1, 2016)……………………………………...    6

*O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989)…..    3

*Pottash v. Hello Living, LLC*, Case No. 19-CV-4530, 2021 U.S. Dist. LEXIS 21458, 2021 WL 3753415, at \*16-17 (Bulsara, J.) (E.D.N.Y. February 2, 2021)……………..    3

*Sussman Sales Co. v. VWR Int'l, LLC*, Case No. 20-CV-2869, 2021 U.S. Dist. LEXIS 58175, 2021 WL 1165077, fn13 at \*21-22 (Failla, J.) (S.D.N.Y. March 26, 2021)…...    3

### **Statutes**

42 U.S.C. § 2000e(b)……………………………………………………………….    4, 5

Fed. R. Civ. P. 8(a)……………………………………………………………………    *passim*

Fed. R. Civ. P. 12(b)(1)………………………………………………………………    *passim*

Fed. R. Civ. P. 12(b)(6) ………………………………………………………………    *passim*

## INTRODUCTION

The plaintiff Inessa Klimovitsky ("Plaintiff") commenced this action against her former employer, defendant J.G. Innovative Industries Inc. ("JGII") and the three individual defendants (collectively with JGII, the "Defendants") asserting claims for alleged wage and hour violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law, as well as claims for alleged discrimination/harassment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Defendants commenced this motion seeking the dismissal of the Plaintiff's Title VII claims pursuant to Fed. R. Civ. P. 12(b)(6), and if such relief is granted, dismissal of the Plaintiff's NYSHRL and NYCHRL claims pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff opposes this motion and has asserted that the bare bones, conclusory statements that Plaintiff added to her amended complaint (the "Amended Complaint") are sufficient to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, as interpreted by *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Plaintiff is incorrect. Because the allegations in the Amended Complaint fail to satisfy the pleading standard set forth in *Iqbal* and *Twombly*, the Plaintiff's Title VII claims, as well as her NYSHRL and NYCHRL claims, should be dismissed.

## ARGUMENT

**I. Despite Plaintiff's Assertions to the Contrary, the Amended Complaint Clearly Fails to State a Claim Upon Which Relief Can Be Granted With Respect to Plaintiff's Title VII Claims, and There is Thus No Supplemental Jurisdiction Over the Plaintiff's State Law Discrimination Claims.**

   **A. Plaintiff Has Failed to Satisfy the *Iqbal/Twombly* Pleading Standard Regarding JGII's Status as an "Employer" Under Title VII**

In her opposition brief, the Plaintiff points to the additional allegations set forth in Paragraphs 11-14 of the Amended Complaint (Document #12, annexed as Exhibit D to Defendants' initial Memorandum of Law in Support dated June 7, 2021) – the only new material added from the Plaintiff's original complaint – to assert that she has met the pleading standard set forth in *Iqbal* and *Twombly* with respect to JGII's status as an "employer" for purposes of Title VII coverage.   Specifically, Plaintiff argues that the Amended Complaint's bare, conclusory reference to unidentified "misclassified individuals," combined with the Amended Complaint's equally bare, conclusory reference to an affiliate entity in Israel, should be sufficient to satisfy Rule 8's pleading requirement that a plaintiff state facts sufficient to *show* – not merely allege – that they are entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Defendants respectfully submit that the Plaintiff has failed to satisfy her pleading burden under the Federal Rules.   The Amended Complaint's bare allegation that JGII allegedly "misclassified individuals" as independent contractors is a legal conclusion with no factual support whatsoever.   As such, it clearly constitutes an attempted end-run around the pleading requirements of *Iqbal*/*Twombly,* coupled in this case with a hope and a prayer that Plaintiff will turn up supporting evidence in discovery to provide a retroactive factual basis for such a conclusion.   This is simply not sufficient at the pleading stage to survive a motion to dismiss.

Likewise, Plaintiff's mere reference in the Amended Complaint to an "affiliate entity" in Israel is woefully insufficient to satisfy her pleading burden under *Iqbal*/*Twombly.*   The Amended Complaint's complete lack of any factual allegations regarding the nature of the relationship between such entity and JGII is itself a fatal defect in such pleading.   However, most tellingly, the Amended Complaint fails to even articulate the conclusory elements of the "single employer" or "joint employer" theories of liability under which, in only very limited circumstances, a plaintiff

2

*may* be able to aggregate the employees of disparate legal entities to meet Title VII's 15-employee threshold requirement.

As discussed recently by this Court in *Pottash v. Hello Living, LLC*, Case No. 19-CV-4530, 2021 U.S. Dist. LEXIS 21458, 2021 WL 3753415, at *16-17 (Bulsara, J.) (E.D.N.Y. February 2, 2021), simply reciting the elements of the single employer doctrine with minimal factual support for each of those elements was deemed insufficient to survive a motion to dismiss.  Here however, the Plaintiff has failed to even do even that, as the Amended Complaint makes no reference whatsoever to the single employer or joint employer theories of liability pursuant to which such employee aggregation could possibly occur, nor does it even recite the conclusory elements of either such doctrine as the inadequate pleading in *Pottash* had done.  Clearly the Amended Complaint does not plausibly allege any basis whatsoever for the aggregation of employees from separate entities which would be required for Plaintiff to satisfactorily state a claim that JGII was the Plaintiff's "employer" for purposes of Title VII.

In her opposition brief, the Plaintiff asserts for the first time that she is purportedly attempting to satisfy Title VII's employee numerosity threshold by relying on a "single employer" and/or "joint employer" theory of liability, effectively seeking to aggregate employees from disparate entities to meet the statutory coverage requirement.  However, "It is well settled that a party may not amend its pleading in its briefing papers." *Sussman Sales Co. v. VWR Int'l, LLC*, Case No. 20-CV-2869, 2021 U.S. Dist. LEXIS 58175, 2021 WL 1165077, fn13 at *21-22 (Failla, J.) (S.D.N.Y. March 26, 2021); citing *Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 223 (S.D.N.Y. 2013); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the complaint cannot be amended by the brief in opposition to a motion to dismiss[.]").  As such, the arguments in the Plaintiff's opposition brief – which are

3

themselves completely devoid of any factual allegations supporting the elements of single and/or joint employer theories of liability – nonetheless fail to cure the clear pleading deficiencies in the Plaintiff's Amended Complaint.

### B. Plaintiff's Assertions in Her Opposition Brief Regarding the Alleged Insufficiency of Defendants' Evidence Presented in Support of this Motion are Incorrect

In her opposition brief, the Plaintiff asserts that JGII has failed to submit satisfactory evidence showing that it lacked the requisite number of employees to establish Title VII coverage, as JGII did not submit an IRS Form W-3 showing the number of total employees for the 2019 calendar year. However, Title VII requires that a covered employer have at least fifteen employees "for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The "current" calendar year should be deemed 2021, the last year in which the alleged discriminatory conduct of which the Plaintiff complains – including the Plaintiff's termination – allegedly occurred. Likewise, the "prior" calendar year should be deemed 2020, which is also the only other calendar year in which the Plaintiff was employed by JGII. The Declaration of Anat Geula, dated June 7, 2021, and submitted in support of this motion, clearly establishes that JGII does not meet Title VII's employee numerosity threshold for both 2020 and 2021. Moreover, if this Court opts to convert this motion to one for summary judgment, Defendants will be happy to submit additional documentary evidence clearly establishing that JGII was not subject to Title VII coverage for the year 2019 as well.

Additionally, Plaintiff's assertion in her opposition brief that "Title VII defines [*sic*] includes in the fifteen (15) employee count **any agent** of an employer" (see Plaintiff's Memorandum of Law in Opposition, Page 9) is simply incorrect. To the extent that

Plaintiff has made this assertion to somehow imply that non-employee "agents" of an employer entity can be counted along with that employer's actual employees in order to meet Title VII's employee numerosity threshold, Plaintiff has clearly misread the law's coverage provision.  Title VII clearly defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person ..." 42 U.S.C. § 2000e(b).   Defendants submit that it is clear from the plain language of this statute that only actual "employees" count toward the 15-employee requirement, and that unspecified, non-employee "agents" do not.  Notably, Plaintiff has cited no case law in support of her assertion to the contrary.

### C. Plaintiff Does Not Dispute that She Still Has Not Received the Required Right-to-Sue Letter from the EEOC, an Administrative Prerequisite to Asserting Title VII Claims

In her opposition brief, Plaintiff does not dispute the fact that she still has not received a right-to-sue letter from the United Stated Equal Employment Opportunity Commission ("EEOC"), a clear administrative prerequisite to filing suit under Title VII.  Instead, Plaintiff asserts only that she "agrees to stay" her Title VII claims until such time that she obtains such required notice. However, the Plaintiff cites to no authority whatsoever holding that this clear prerequisite to a valid Title VII claim can or should be waived in the circumstances presented here, and Defendants respectfully submit that Plaintiff's unquestioned failure to exhaust Title VII's administrative remedies is fatal to her Title VII claims in this action, forming a separate and independent basis for the dismissal of such claims.

**D. <u>There is No Basis for the Survival of the Plaintiff's NYSHRL and NYCHRL Claims if her Title VII Claims Are Dismissed</u>**

In her opposition brief, Plaintiff asserts that if her Title VII claims are dismissed, that she should be permitted to file yet another amended pleading in order to "provide her an opportunity to establish that her remaining federal claims under the FLSA have a common nucleus of operative fact with her claims under the NYSHRL and/or the NYCHRL." See Plaintiff's Memorandum of Law in Opposition, Page 11.  However, as Defendants have previously argued in their initial brief in support of this motion, courts have routinely held that there is no common nucleus of operative fact between an FLSA claim and a state law, non-wage claim. *See Morales v. MW Bronx, Inc.*, 2016 U.S. Dist. LEXIS 100422 at *36-37, Case No. 15-CV-6296 (Griesa, J.) (S.D.N.Y. August 1, 2016) (collecting cases).

Plaintiff has made no showing in her opposition brief as to how her state law discrimination claims would share a common nucleus of operative fact with her FLSA claims, nor has she explained why both her original complaint and the subsequent Amended Complaint fail to properly allege such a connection in support of the Plaintiff's assertion of supplemental jurisdiction over her NYSHRL and NYCHRL claims.  Defendants submit that any further amendment by the Plaintiff in this regard would be futile, as there are clearly no grounds for the exercise of supplemental jurisdiction over the Plaintiff's state law discrimination claims in the absence of any Title VII claims.  Moreover, the Court has already given the Plaintiff a second chance in this action by allowing her to file the Amended Complaint to attempt to fix pleading deficiencies with the original complaint.  There is no reason why the Court should provide her with a third chance. Plaintiff remains free, of course, to re-file her NYSHRL and NYCHRL claims in state court.

## **CONCLUSION**

For all of the foregoing reasons, and for the reasons stated in the Defendants' original supporting motion papers, the Court should dismiss the Amended Complaint's Fifth, Sixth, and Seventh causes of action under Title VII, asserted against JGII, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies. Additionally, should the Court dismiss the Plaintiff's Title VII claims, then the Eighth through Thirteenth causes of action in the Amended Complaint, asserting claims pursuant to the NYSHRL and NYCHRL, should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

Dated: Long Island City, New York
　　　　July 1, 2021

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　STEPHEN D. HANS & ASSOCIATES, P.C.

　　　　　　　　　　　　　　　　　　By:＿＿/s/Nils C. Shillito＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　Nils C. Shillito (NS-6755)
　　　　　　　　　　　　　　　　　　　　30-30 Northern Boulevard, Suite 401
　　　　　　　　　　　　　　　　　　　　Long Island City, New York 11101
　　　　　　　　　　　　　　　　　　　　Tel: 718.275.6700
　　　　　　　　　　　　　　　　　　　　*Attorneys for the Defendants*

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on July 1, 2021, I caused a true and correct copy of the foregoing Memorandum of Law in Reply to be served upon counsel for the Plaintiff via electronic mail to:

Jonathan Shalom, Esq.
SHALOM LAW, PLLC
Email: jonathan@shalomlawny.com
*Attorneys for the Plaintiff*


**/s/Nils C. Shillito**
Nils C. Shillito (NS-6755)