**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INESSA KLIMOVITSKY,         :

                                      :

            Plaintiff,        :      Case No.: 1:21-cv-755 (MKB) (RER)

                                      :

            v.            :      <u>**SECOND AMENDED COMPLAINT**</u>

                                      :

JG INNOVATIVE INDUSTRIES, INC., *and all of* :      **JURY TRIAL DEMANDED**
*its parent corporations, subsidiaries, affiliates,*  :
*divisions, successors and assigns,* JOSEPH     :
GOTTLIEB, *individually*; ANAT GEULA,      :
*individually*, and DOV MEDINA, *Individually*,  :

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff, INESSA KLIMOVITSKY, (hereinafter "Plaintiff"), by and through her attorneys, SHALOM LAW, PLLC., complaining of Defendants JG INNOVATIVE INDUSTRIES, INC. (hereinafter "JG"), JOSEPH GOTTLIEB, (hereinafter "Gottlieb"), ANAT GEULA (hereinafter "Geula"), and DOV MEDINA (hereinafter "Medina") (collectively hereinafter the "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000e–2, *et seq.*, ("Title VII"); the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, *et seq.*) (the "FLSA"); the New York State Human Rights Law (N.Y. Exec. §§ 290 to 301) (the "NYSHRL"); the New York City Human Rights Law (N.Y.C. Admin. Code §§ 8-101 to 8-703) (the "NYCHRL"); the New York Labor Law § 190, *et seq.* ("NYLL"); and supporting New York State Department of Labor ("NYSDOL") Regulations, complains as follows:

    1.  Plaintiff is seeking damages to redress the injuries she suffered as a result of the sex-based discrimination and hostile work environment she experienced in Defendants' workplace, stemming from the egregious sexual harassment by Defendant Medina, an employee of Defendant JG.

2.   Additionally, Plaintiff complains of retaliation for exercising her statutory rights and complaining of the discrimination and sexual harassment. Plaintiff further complains of Defendants for engaging in a willful and intentional pattern and practice of failing to pay their employees, including Plaintiffs, the lawful minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek, in direct violation of multiple provisions of both the FLSA and NYLL.

## ADMINISTRATIVE PREREQUISITES

3.   A Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination in violation of Title VII has been filed by Plaintiff on January 14, 2021.

4.   Plaintiff has received a Notice of Right to Sue as required to exhaust her administrative remedies.  See copy of Notice of Right to Sue annexed hereto as **Exhibit "A."**

5.   Plaintiff has therefore satisfied any and all other prerequisites to the filing of this action.

## PARTIES

6.   Plaintiff was and is a resident of the State of New York, County of New York.

7.   That at all times relevant, Plaintiff was hired and employed as an Operations Manager for Defendant JG at Defendants' Kew Gardens location, 8002 Kew Gardens Road, Suite 5002, Kew Gardens, New York, 11415-3610.

8.   Plaintiff's "sex" is female, which is protected from discrimination and retaliation by Title VII, NYSHRL § 292, and NYCHRL § 8-102.

9.   At all times herein relevant, Defendant JG has been and presently is, a for-profit entity duly incorporated and operating in the State of New York.

10. Upon information and belief, Defendant JG has parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York, including an affiliate company in Israel.

11. Further, upon information and belief, Defendant JG and its parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York[1], including an affiliate company in Israel, misclassified certain individuals as independent contractors when they were, in fact, employees.

12. Upon information and belief, together with JG's employees and those of its parent corporations, subsidiaries, affiliates, divisions, successors and assigns operating within and outside of the State of New York, including an affiliate company in Israel, as well as those individuals Defendant JG and its related companies have misclassified, Defendant JG has employed fifteen (15) or more individuals for each working day in twenty or more weeks during the year 2020.

13. As such, Defendant JG is an employer under Title VII.

14. Upon information and belief, at all times herein relevant, Defendant JOSEPH GOTTLIEB was and is a resident of the State of New York employed in a supervisory role by Defendant JG.

15. At all times herein relevant, Defendant Geula was and is a resident of the State of New York employed in a supervisory role by Defendant JG.

16. At all times herein relevant, Defendant Medina was and is a resident of the State of New York employed by Defendant JG.

17. Further, at all times herein relevant, Defendants Gottlieb, Geula, and Medina were employed by Defendant JG at Defendants' Kew Gardens location, 8002 Kew Gardens Road, Suite 5002, Kew Gardens, New York, 11415-3610.

---

[1] https://www.youtube.com/watch?v=Z47hnXjunyM&feature=emb_imp_woyt

## FACTUAL BACKGROUND

18. Plaintiff was initially hired by Defendant JG as a full-time Operations Manager on March 2, 2020.

19. Unfortunately, however, due to the COVID-19 pandemic, just eighteen (18) days after she was hired, on March 20, 2020, Plaintiff was furloughed by JG.

20. In or about August 2020, JG recalled their employees, and on September 1, 2020, Plaintiff was recalled to her position as Operations Manager at JG.

21. At all times herein relevant, Medina was Plaintiff's coworker and superior.

22. Additionally, at all times herein relevant, Defendant Geula was the direct supervisor of both Defendant Medina and Plaintiff.

23. According to her regular performance reviews, at all times herein relevant, Plaintiff was a stellar employee during her entire tenure of employment with Defendant JG.

24. Upon information and belief, Plaintiff satisfactorily performed all of her duties and responsibilities during her employment with Defendant JG.

25. Moreover, upon information and belief, Plaintiff's work performance was above average, as she consistently received compliments and highly positive reviews throughout her tenure with Defendant JG, up until the time of Defendants' discriminatory conduct.

26. At all times herein relevant, Defendant Medina was a personal trainer and fitness coach outside of JG.

27. Upon information and belief, it was widely known at JG that Medina was a personal trainer outside of work, as he regularly trained employees at JG, including Defendant Geula.

28. At all times herein relevant, **Defendant Medina was married with four (4) daughters.**

29. However, despite Medina's marital status and Plaintiff's clear disinterest in pursuing anything romantic with him, Plaintiff became the target of an egregious discriminatory scheme of sexual harassment by Medina.

30. At all times herein relevant, Plaintiff had **no** sort of consensual sexual relationship with her coworker and Defendant, Medina.

31. At all times herein relevant during Defendant Medina's scheme of harassment, Defendant Geula was the superior of both Medina and Plaintiff and had a cordial relationship with both.

32. Yet, despite Geula's supervisory role over Defendant Medina and Plaintiff and her friendship with each of them, Geula never stepped in to stop Medina's sexual harassment of Plaintiff.

33. Instead, Geula was continuously complicit in the harassment, and even at times actively participated in furthering the harassment.

34. Furthermore, Defendant Joseph also continuously acquiesced to Medina's harassment without ever stepping in on Plaintiff's behalf.

35. Accordingly, for months of her employment with Defendants, Plaintiff was consistently subjected to a hostile work environment due to Defendant Medina's constant, unreprimanded sexual harassment

36. Specifically, Plaintiff was subjected to flagrant sexual comments and actions by Medina, which included **inappropriate grabbing and touching of Plaintiff at JG, unprofessional comments about Plaintiff's body and** Medina**'s penis, instances where** Medina **would suddenly pull down his pants and show Plaintiff his groin, underwear, or bare penis, and even the unsolicited use of sex toys in front of Plaintiff despite Plaintiff's repeated pleas for Medina to stop.**

37. Additionally, where Defendant Medina would pull out his penis, or use a sex toy on himself in front of Plaintiff, Medina would ask Plaintiff questions such as, **"What do you think? Is it big? Is it small?" "Do you want to touch it?"** and **"I'm all wet now; "What I am going to do?"**

38. Each time that Medina put Plaintiff in these situations, Plaintiff would attempt to place a stop to such discriminatory conduct on her own by turning away from him, repeatedly begging him to stop harassing her, calling his conduct inappropriate, insisting that she was very uncomfortable, and constantly pointing out that he had a wife and children at home.

39. However, Defendant Medina refused to reign in his harassment. Instead, Medina frequently tried to normalize his behavior with comments like, **"What? It's just flesh."**

40. Although Plaintiff repeatedly told Defendant Medina she did not feel like his conduct was appropriate for coworkers, his unwanted sexual comments and actions persisted.

41. Finally, on December 29, 2020, Plaintiff confronted Medina about the inappropriateness of him **using a sex toy on himself in front of her** just days after he brought up the subject again.

42. Unfortunately, however, Plaintiff's attempt to talk things out with Defendant Medina only seemed to make him angry.

43. When all JG employees came back after the New Year holiday, Plaintiff noticed Medina was not only avoiding her, but he had also stopped asking her for help on the tasks she usually took care of; notwithstanding this, during lunch with the entire company's team at the office, Medina creepily smiled at Plaintiff and inappropriately hugged her in front of everyone.

44. Then, suddenly, on January 7, 2021, **Plaintiff was informed that she had been "laid off" from her position with JG effective February 1, 2021, leaving her less than a month to find work.**

45. To add insult to injury, Plaintiff was informed that she was terminated **"due to COVID-19"** – though no other workers were terminated at that time due to the pandemic; moreover, Plaintiff was replaced with another employee shortly thereafter.

46. Upon information and belief, the proffered reason for Plaintiff's termination was merely a pretext for Defendant Medina's unlawful retaliation, which Medina instigated because he realized Plaintiff would not silently let him sexually harass her any longer, so he wanted her gone.

47. Frustrated and dehumanized, Plaintiff again met with Defendant Medina on January 12, 2021, to try to discuss her termination.

48. Unfortunately, however, Plaintiff's concerns once again fell upon deaf ears.

49. In their January 12, 2021 conversation, Defendant Medina belittled Plaintiff by repeatedly calling her **"honey,"** and he all but ignored her concerns, calling them "*misunderstandings*."

50. Additionally, Medina offered to buy Plaintiff **"a bouquet of flowers"** to make it up to her, rather than heed her complaints and agree to change his behavior.

51. Ultimately, Plaintiff ended up leaving this meeting with Defendant Medina feeling helpless – it was clear to her that Medina was not going to change, and Defendants were not going to take any action against him to address the situation or to reprimand him for his conduct.

52. Instead, Defendants altogether ignored Plaintiff's complaints and punished her for them, first by **unlawfully terminating her,** and later by **unlawfully withholding her final paycheck.**

53. Defendants JG, Gottlieb, and Geula were aware of Defendant Medina's egregious sexual conduct that was occurring at the workplace but failed to address and deliberately turned a blind eye, instead choosing to punish Plaintiff for raising her concerns.

54. Upon information and belief, JG intentionally ignored the hostile work environment created by Medina's sexual harassment, and instead orchestrated a course of discrimination and

retaliation against Plaintiff to force her out of her job at JG for having the temerity to oppose Medina's inappropriate demands.

55. Plaintiff has been unlawfully discriminated against, sexually harassed, humiliated, degraded, and retaliated against in Defendants' workplace.

56. Additionally, as if Defendant Medina's conduct and all the Defendants' willful blindness were not bad enough, at all times herein relevant, Defendants <u>refused</u> to adequately compensate Plaintiff for her hours worked.

57. Upon information and belief, Defendants intentionally misclassified Plaintiff as "exempt" from FLSA overtime requirements as they agreed, but failed, to pay Plaintiff a salary of sixty-thousand dollars ($60,000) per year on a weekly basis, regardless of the actual number of hours she worked each week.

58. Despite Defendants' classification of Plaintiff, at all relevant times during her employment with Defendants, Plaintiff was <u>not</u> exempt to overtime requirements under the FLSA or state laws.

59. Notwithstanding, at all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawful overtime compensation of one and one-half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given workweek.

60. Moreover, Defendants further violated the FLSA by choosing to withhold her final paycheck. This action was not just unlawful retaliation; it was a direct violation of FLSA minimum wage requirements, as Defendants were essentially forcing Plaintiff to work for zero dollars ($)) an hour during her last pay period.

61. Defendants knowingly and willfully disregarded the provisions of the in their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times (1.5x) for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was

due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

62. Thus, as a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress and has sought a mental health professional to deal with the emotional distress she was caused to endure by Defendants.

63. Under information and belief, Defendants' actions and conduct were intentional and intended to harm Plaintiff.

64. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages.

65. Accordingly, Plaintiff also seeks attorney's fees, costs, disbursements, and expenses incurred in the prosecution of this action.

66. Finally, Plaintiff also seeks such other relief as the Court may deem just and proper to remedy Defendants' unlawful employment practices.

## FIRST CAUSE OF ACTION
## (FLSA OVERTIME WAGE VIOLATIONS AS TO ALL DEFENDANTS)

67. Plaintiff repeats and realleges every paragraph above as though fully set forth herein.

68. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

69. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

70. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek, yet she was not compensated at a rate of one and a half times (1.5x) his hourly pay for each hour worked over forty (40).

71. At all relevant times hereto, Defendant JG operated under policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours he worked in excess of forty (40) hours per workweek.

72. Instead, JG paid Plaintiff a flat sixty-thousand dollars ($60,000) a year to compensate her for both the regular and the overtime hours she worked, notwithstanding the actual number of hours she worked day-to-day and week-to-week.

73. As evidenced by Defendant JG withholding Plaintiff's final paycheck after terminating her, JG was knowingly and intentionally disregarding its legal obligations under the FLSA.

74. Thus, upon information and belief, Defendants' failure to pay Plaintiff at an accurate overtime rate in violation of the FLSA was not in good faith.

75. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 as Defendants has shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

76. Accordingly, Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and other such legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME PAY IN VIOLATION OF THE NEW YORK LABOR LAW AS TO ALL DEFENDANTS)

77. Plaintiff repeats and realleges every paragraph above as though fully set forth herein.

78. JG is an "employer" under NYLL §§ 190, 196-d, 651(5), 652, and supporting New York State Department of Labor Regulations.

79. Defendant JG employed Plaintiff, Medina, and Defendants Geula and Gottlieb.

80. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff 1.5 times her regular rate of pay for all hours worked in excess of forty (40).

81. However, Defendant JG failed to pay Plaintiff the overtime wages to which she was entitled, violating NYLL § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

82. Defendant JG willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff the correct amount of overtime wages.

83. Due to Defendant JG's Labor Law violations, Plaintiff is entitled to recover her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest, according to NYLL § 663.

**THIRD CAUSE OF ACTION**
**(FLSA MINIMUM WAGE VIOLATION AS TO ALL DEFENDANTS)**

84. Plaintiff repeats and re-alleges every paragraph above as though fully set forth herein.

85. As an employee under the FLSA, Plaintiff was entitled to be compensated by her employer, Defendant JG, with the minimum wage for each hour she worked.

86. However, by refusing to provide Plaintiff with her final paycheck, Defendant JG suffered or permitted Plaintiff to work without paying her minimum wages for all the hours she worked up to forty(40)  hours during her last work week working for JG.

87. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

88. As a result of Defendants' failure to compensate Plaintiff at least equal to the minimum wage for each hour worked, Defendant JG has violated, and continue to violate, the FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

89. As a direct and proximate result of forcing Plaintiff to work without paying her minimum wages for all the hours she worked up to forty (40) hours per workweek, Plaintiff has been damaged in an amount equal to or greater than one or more weeks of work for JG.

90. Thus, Plaintiff is entitled to recover her unpaid compensation from Defendant JG, plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**(FAILURE TO PAY THE MINIMUM WAGE REQUIRED BY THE NEW YORK LABOR LAW AS TO ALL DEFENDANTS)**

91. Plaintiff repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

92. Because Defendant JG is an "employer" as defined by NYLL §§ 190, 196-d, 651(5), 652, and supporting New York State Department of Labor Regulations, Defendant JG was required to pay Plaintiff the statutory minimum wage.

93. By refusing to pay Plaintiff a single penny for her last pay period working for the benefit of Defendant JG, Defendant unlawfully paid Plaintiff less than the statutory minimum wage for this pay period

94. Accordingly, Defendant JG is liable to Plaintiff for pay at the statutory minimum wage for each hour Plaintiff worked and was not compensated.

95. Due to Defendant JG's willful NYLL violations, Plaintiff is entitled to recover from not only her unpaid wages, but also liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**(DISCRIMINATION IN VIOLATION OF TITLE VII AS TO DEFENDANT JG**)

96. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

97. By the actions described above, among others, Defendants have discriminated against Plaintiff on the basis of her sex and gender, in violation of Title VII, by denying Plaintiff the same terms and conditions of employment available to others, including, but not limited to, by subjecting her to a hostile work environment permeated by sexual harassment, and then by terminating her employment after she expressed concern over the harassment.

98. As a direct and proximate result of Defendant JG's unlawful conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of damages to the greatest extent permitted by law, including, but not limited to, monetary and/or economic harm, for which she is entitled to an award of monetary damages.

99. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of compensatory damages.

100.     Defendant JG's unlawful and discriminatory actions constitute malicious, willful, wanton and/or reckless indifference to Plaintiff's protected rights under Title VII, for which Plaintiff is entitled to an award of punitive damages.

101.     Plaintiff is also entitled to an award of attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF TITLE VII AS TO DEFENDANT JG)

98. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

99. Title VII specifically prohibits employers from taking adverse actions that would "dissuade a reasonable worker from making or supporting a charge of discrimination."

100.     However, Medina, Gottlieb, and Geula all engaged in retaliatory behavior against Plaintiff when she attempted to resist the discrimination and harassment she was being subjected to.

101.     The first time Plaintiff formally complained about Medina's harassment in January 2021, Defendants immediately responded by subjecting Plaintiff to a retaliatory dismissal.

102.     Next, when Plaintiff returned to JG to talk with Medina about her dismissal on January 12, 2021, Defendants again responded with retaliation, this time by denying Plaintiff her final paycheck.

103.     Each retaliatory act came mere <u>days</u> after each of Plaintiff's complaints, clearly evidencing the causal connection between each complaint and the retaliation.

104.     Defendant's egregious and pervasive practice of taking adverse actions against those who complain of discrimination and sexual harassment stifles employees at JG from exercising their statutory rights and is thereby unlawful under Title VII.

105.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

## SEVENTH CAUSE OF ACTION
## (HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII AS TO DEFENDANT JG)

106.    Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as though fully set forth herein.

107.    In order to allege a hostile work environment claim under Title VII, a plaintiff must allege facts to plausibly "show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 102 (2d Cir. 2010) (quoting *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006).

108.    "To decide whether the threshold has been reached, courts examine the case-specific circumstances in their totality and evaluate the severity, frequency, and degree of the abuse." *Moll v. Telesector Res. Grp., Inc*., 760 F.3d 198, 203 (2d Cir. 2014)(quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)).

109.    The hostile work environment standard "includes both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014).

110.    Here, solely because of her gender, Plaintiff was continuously sexually harassed by Medina, in ways qualifying as both objectively and subjectively severe and pervasive enough to create a hostile work environment.

111.    Medina not only verbally taunted Plaintiff, but he also forcibly confronted Plaintiff with sex toys and exposed himself to her on multiple occasions, despite Plaintiff's constant pleas for him to stop.

112.    Under these circumstances, Plaintiff adequately alleges an environment at JG that was permeated by "harassment . . . of such quality or quantity that a reasonable employee would find the conditions of [her] employment altered for the worse." *Patane v. Clark,* 508 F.3d 106, 113 (2d Cir. 2007).

113.    Moreover, by ignoring and/or acquiescing in Medina's inappropriate conduct Defendant JG is liable to the fullest extent of the law for the hostile work environment at JG.

## EIGHTH CAUSE OF ACTION
## (DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW AS TO ALL DEFENDANTS)

114.    Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

115.    New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

116.    By the actions described above, and among others, Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law because of Plaintiff's sex, subjecting Plaintiff to a hostile work environment.

117.    Defendants discriminated against Plaintiff.

118.     Defendant JG directly violated the above section in permitting Defendant Medina's harassment to continue, unchecked.

119.     Moreover, Defendants Gottlieb and Geula are liable in that they aided and abetted Defendant Medina and Defendant JG in the unlawful discrimination and harassment of Plaintiff, a violation of NYSHRL § 296(1).

120.     That as a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**
**(RETALIATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW**
**AS TO ALL DEFENDANTS)**

121.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

122.     By the foregoing acts and omissions, Defendants retaliated against Plaintiff on the basis of her protected activity in the form of complaining of the sexual harassment and discrimination she was being subjected to, in violation of the NYSHRL.

123.     The retaliatory dismissal of Plaintiff and JG's subsequent denial of her final paycheck would easily dissuade a reasonable employee in Plaintiff's position from reporting discrimination.

124.     As described herein, Defendants Medina, Gottlieb, and Geula are liable in that they aided and abetted Defendant JG in its unlawful retaliatory termination of Plaintiff, in violation of NYSHRL § 296(1).

125.     Plaintiff was treated disparately than other similarly situated employees who had not complained of discrimination.

126.     Defendants' unlawful retaliatory acts caused Plaintiff to suffer partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails.

### TENTH CAUSE OF ACTION
### (HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW AS TO ALL DEFENDANTS)

127.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

128.     Pursuant to the New York State Executive Law, Plaintiff can establish a hostile work environment claim if she can show that was treated less well than other employees because of her protected class.

129.     In the present case, Plaintiff was specifically singled out and sexually harassed by Medina, which was facilitated by Defendant JG, as well as Plaintiff's supervisors, Defendants Gottlieb and Geula.

130.     Accordingly, Plaintiff was treated differently and unfairly by Defendants because of her sex.

131.     As a direct result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

### ELEVENTH CAUSE OF ACTION
### (DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AS TO ALL DEFENDANTS)

132.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

133.     The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the

actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

134.     Defendants engaged in an unlawful conduct in violation of the New York City Administrative Code Title 8, § 8-107(a) by creating and maintaining discriminatory working conditions and discriminating against Plaintiff because of her sex and gender.

135.     As a direct result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AS TO ALL DEFENDANTS)

136.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

137.     As alleged herein, Defendants have retaliated against Plaintiff on the basis of her protected complaints about Defendant Medina's sexual harassment and Defendant JG's culture of discrimination.

138.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of damages, in addition to reasonable attorneys' fees and costs.

139.      As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress for which she is entitled to an award of damages.

140.     Defendants' unlawful and retaliatory actions were done with willful negligence, or recklessness, or a conscious disregard of the rights of Plaintiff or conduct so reckless as to amount to such disregard of Plaintiff's protected rights under the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

**THIRTEENTH CAUSE OF ACTION**
**(HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW AS TO ALL DEFENDANTS)**

141.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

142.     Pursuant to the New York City Administrative Code, Plaintiff can establish a hostile work environment claim if she can show that was treated less well than other employees because of her protected class.

143.     In the present case, Plaintiff was specifically singled out and sexually harassed by Defendant Medina, which was facilitated by Defendant JG, as well as Plaintiff's supervisors, Defendant Gottlieb and Defendant Geula.

144.     Accordingly, Plaintiff was treated differently and unfairly by Defendants because of sex.

145.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**INJURY AND DAMAGES**

146.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to

reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray that the Court enter judgment in her favor and against Defendants for the following relief:

A.  Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA and the NYLL as to Plaintiff;

B.  A compensatory award of unpaid compensation, at a wage rate not below the minimum wage and statutory overtime rates due under the FLSA and NYLL;

C.  An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

D.  Awarding Plaintiff damages for the amount of unpaid minimum wages and damages for improper deductions or credits taken against wages under the FLSA as applicable;

E.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, 42 U.S.C. §2000-e et seq., and awarding Plaintiff a recovery for damages sustained;

F.  Declaring that Defendants engaged in unlawful employment practices prohibited by the New York State Human Rights Law, New York State Executive Law § 296 et seq., and awarding Plaintiff a recovery for damages sustained;

G.  Declaring that Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, § 8-107 et seq., and awarding Plaintiff a recovery for damages sustained;

H.  An award of compensatory damages and liquidated damages under the FLSA and NYLL for Defendants' retaliatory conduct;

I.   Awarding Plaintiff compensatory damages for her mental, emotional and physical injuries, distress, pain and suffering and injury to her reputation in an amount that exceeds the jurisdictional limit of all lower courts;

J.   An award of pre-judgment and post-judgment interest;

K.   Awarding Plaintiff attorney's fees, costs, disbursements, and expenses incurred in the prosecution of this action; and

L.   Awarding Plaintiff such other relief as the Court may deem just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


Dated: Forest Hills, NY
           January 10, 2022

                                        **SHALOM LAW, PLLC**

                                        /s/ *Jonathan Shalom*
                                         Jonathan Shalom, Esq.
                                         105-13 Metropolitan Avenue
                                         Forest Hills, NY 11375
                                         Jonathan@ShalomLawNY.com
                                         (718) 971-9474 (office)

                                        *Attorneys for Plaintiff*

EXHIBIT A

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Inessa Klimovitsky**<br>**307 E. 44th Street**<br>**New York, NY 10017** | From:  **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-01406** | **Silvia Y. Deng-Batista,**<br>**Investigator** | **(929) 506-5271** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

FOR      2-9-2021

Enclosures(s)

**Judy A. Keenan,**
**District Director**

*(Date Issued)*

cc:

**Director of Human Resources**
**JG INNOVATIVE INDUSTRIES, INC.**
**8002 Kew Gardens Road, Suite 5002**
**Kew Gardens, NY 11415**

**Emily K. Price**
**SHALOM LAW, PLLC**
**105-13 Metropolitan Avenue**
**Forest Hills, NY 11375**

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS       --      Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE      --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*