# STEPHEN D. HANS & ASSOCIATES, P.C.
LABOR & EMPLOYMENT COUNSEL FOR OVER 40 YEARS

30-30 Northern Blvd, Suite 401
Long Island City, NY 11101

T: 718.275.6700 • F: 718.275.6704

NILS C. SHILLITO
ASSOCIATE
Tel: 718.275.6700
nshillito@hansassociates.com

February 1, 2022

*VIA ECF*

Hon. Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn, NY 11201

Re: **Klimovitsky v. JG Innovative Industries, Inc., et al.**
**Case No. 21-CV-755 (MKB)(RER)**

Dear Judge Brodie:

This firm represents the defendants in the above-referenced action. Pursuant to Rule 3(A)(i) of Your Honor's Individual Practices and Rules, I write to request a pre-motion conference and/or leave to file a motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) seeking to dismiss the Fifth, Sixth, and Seventh causes of action set forth in the plaintiff's second amended complaint for failure to state a claim upon which relief can be granted, and seeking to dismiss the Eighth through Thirteenth causes of action for lack of subject-matter jurisdiction.

Plaintiff commenced this action on February 11, 2021 by filing her original complaint (ECF No. 1), which alleges wage and hour claims in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as claims of workplace discrimination, harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the NYS Human Rights Law ("NYSHRL"), and the NYC Human Rights Law ("NYCHRL"). On April 26, 2021, defendants filed a pre-motion conference request letter (ECF No. 9) stating their intention to file a motion to dismiss the Title VII claims in the plaintiff's original complaint for failure to state a claim upon which relief can be granted, as well as the NYSHRL and NYCHRL claims for lack of supplemental jurisdiction.

On May 24, 2021, plaintiff filed her first amended complaint (ECF No. 12) attempting to cure the pleading deficiencies raised by defendants in their pre-motion conference letter. Defendants moved to dismiss the Plaintiff's Title VII claims as asserted in plaintiff's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and failure to exhaust administrative remedies by obtaining a "right-to-sue" letter from the United States Equal Employment Opportunity Commission ("EEOC"). This

motion was fully briefed by the parties on July 1, 2021 (ECF Nos. 15 – 19) and submitted for the Court's decision.  On December 1, 2021, the Court issued an Order (ECF No. 21) granting the defendants' motion and dismissing the plaintiff's Title VII claims as asserted in the first amended complaint on the grounds that plaintiff had failed to exhaust her administrative remedies, and dismissing the plaintiff's NYSHRL and NYCHRL claims for lack of supplemental jurisdiction.  In doing so, the Court did not reach the merits of the remaining arguments asserted by defendants in the motion to dismiss, as it was unnecessary to do so.

On January 18, 2022, plaintiff filed her second amended complaint (ECF No. 26), curing her previous deficiency of failing to plead exhaustion of administrative remedies and attaching a copy of her "right-to-sue" letter from the EEOC.  With the sole exception of the added allegations regarding the "right-to-sue" letter, the plaintiff's second amended complaint is otherwise identical to her first amended complaint.  As such, defendants contend that the plaintiff's Title VII claims as set forth in her second amended complaint suffer from the same pleading deficiencies as existed in the first amended complaint, specifically that the plaintiff has not adequately alleged that defendant J.G. Innovative Industries Inc. constituted the plaintiff's "employer" pursuant to Title VII.  Accordingly, defendants now seek to re-assert such argument with respect to the plaintiff's Title VII claims (causes of action Five, Six and Seven) in the second amended complaint, and once again seek dismissal of such claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants also once again seek dismissal of the of plaintiff's NYSHRL and NYCHRL claims (causes of action Eight through Thirteen) pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, as this Court would lack supplemental jurisdiction over such state and municipal law claims in the absence of any Title VII claims.

While defendants are prepared to re-file their previous motion papers should the Court deem it necessary, defendants respectfully submit that there is no reason to do so.  As stated above, the Plaintiff's Title VII allegations in the second amended complaint are identical to those set forth in the first amended complaint.  The grounds for the defendants' motion to dismiss are the same as in the prior motion and such arguments have already been fully briefed by the parties (ECF Nos. 15 – 19).  For these reasons, defendants respectfully request that the Court deem defendants' new motion to dismiss as already fully briefed and submitted for the Court's decision.  Doing so will save the parties and the Court time and resources.

I thank the Court for its time and attention to this matter.

Respectfully Submitted,

/s/Nils C. Shillito

Nils C. Shillito (NS-6755)

cc:     Shalom Law, PLLC (via ecf)